IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHAN BENSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHIEF EDWIN COOKE, individually ) <br> and in his capacity as a ) <br> TOWN OF BLADES POLICE OFFICER, ) <br> and TOWN OF BLADES, DELAWARE ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 15-858-GMS |

## MEMORANDUM

**I. INTRODUCTION**

On September 22, 2015 Nathan Benson ("Benson") filed a Complaint (D.I. 1) against the Chief of Police Edwin Cooke ("Cooke") and the Town of Blades Delaware ("Town") (collectively "the Defendants"). On November 19, 2015, the Defendants filed a motion to dismiss. (D.I. 7.) On November 25, 2015, Benson filed an Amended Complaint (D.I. 9) alleging (I) a Violation of his Procedural Due Process rights against Cooke; (II) a Violation of the Delaware Whistleblowers' Protection Act against the Town; (III) Fraud against the Town; and (IV) Breach of the Covenant of Good Faith and Fair Dealing against Cooke and the Town.

On December 11, 2015, Defendants filed an Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) concerning Counts I, III, and IV of Benson's First Amended Complaint. (D.I. 12, 13.) The Defendants argue that (1) Cooke is entitled to qualified immunity; (2) Benson has not pled a plausible procedural due process violation because he voluntarily resigned from his job; (3) Benson has not pled a plausible claim of fraud; and (4)

Benson has not pled a plausible claim for breach of the covenant of good faith and fair dealing. For the reasons stated below, the court will deny in part Defendants' partial motion to dismiss.

## II. BACKGROUND

Benson was a Town police officer from approximately July 2007 through February 8, 2014. (D.I. 9 at ¶ 8.) In approximately November 2013, Benson and another Town police officer informed the Town's Mayor that Cooke, then the Town's Police Chief, was stealing grant monies by falsifying overtime records in order to receive payment for work he had not completed. (*Id.* at ¶ 11.) Cooke subsequently learned about Benson's complaint. (*Id.* at ¶ 14-15.)

Soon after, Benson was involved in an altercation while off-duty at Grotto's Pizza in Seaford, Delaware. (*Id.* at ¶ 18-19.) The Seaford Police arrested and charged Benson with disorderly conduct and offensive touching. (*Id.* at ¶ 19-20.) These charges were later dropped. (*Id.* at ¶ 21-22.) Nevertheless, on or about December 24, 2013, Cooke suspended Benson indefinitely with pay. (*Id.* at ¶ 23.) In addition, Cooke launched an internal investigation to determine whether Benson had acted with conduct unbecoming of an officer. (*Id.* at ¶ 26.) Cooke commissioned the Police Department of the Town of Ocean View to conduct the investigation. Ocean View's Police Chief is a personal friend of Cooke. (*Id.* at ¶ 27-28.)

On approximately January 20, 2014, Cooke called Benson and told him that the Seaford Police Chief did not feel comfortable having him process prisoners at the Seaford Police Department and that the Town Council opposed his return to the Town's police department. (*Id.* at ¶¶ 29-33.) Cooke advised Benson that he should resign. (*Id.*) Cooke called Benson twice to follow up about whether he was going to resign, telling him that he needed a decision immediately. (D.I. 9 at ¶¶ 34-35.) Relying on Cooke's assertions that the Town Council would fire him, Benson resigned on February 8, 2014. (D.I. 9 at ¶¶ 36-38.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352 365 (3d Cir. 2012). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. DISCUSSION

### A. Qualified Immunity

Cooke argues that the complaints against him are official capacity claims barred by the doctrine of qualified immunity. (D.I. 13 at 6.) Cooke does not challenge that Benson has alleged a constitutional violation. He acknowledges that the Due Process Clause of the Fourteenth Amendment requires a state actor to provide an individual with an opportunity for notice and a hearing before he loses employment in which he possesses a property interest. (D.I. 13 at 7.) Rather, Cooke argues that the law of constructive discharge is not sufficiently clear to overcome qualified immunity in this case. (*Id.*) Benson responds that the law is clearly established and that the constitutional analysis should focus on whether his waiver of the right to procedural due process was knowing or voluntary. (D.I. 16 at 4.)

Qualified Immunity shields government officials from civil damages liability unless the official personally violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam). Officials may make reasonable mistakes of law, fact, or both. *Groh v. Ramirez*, 540 U.S. 551, 567 (2004). The appropriate analysis to determine whether qualified immunity applies is whether the plaintiff has established facts that "make out a violation of a constitutional right" and whether that right was "clearly established" at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

To establish a claim under §1983 for deprivation of procedural due process, a plaintiff must prove that he was deprived of a property interest under color of state law and the procedures available to him did not provide him with due process. *Dykes v. Southeastern Pa. Transp. Auth.*, 68 F.3d 1564, 1570 (3d Cir. 1995). If a protected property interest "has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard." *Rusnak v. Williams*, 44 Fed. App'x 555 (3d Cir. 2002). As a general rule, "voluntary separation cannot serve as a basis for a due process claim and resignation is presumed to be voluntary." *Stiner v. Univ. of Del.*, 2004 U.S. Dist. LEXIS 17221 (D.Del. 2004); citing *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227-28 (3d Cir. 1998). "This presumption remains intact until the employee presents evidence to establish that the resignation or retirement was involuntarily procured." *Leheny*, 183 F.3d at 228. Resignation is deemed involuntary in two circumstances: (1) the employer forces the resignation or retirement by coercion or duress, or (2) the employer obtains the resignation or retirement by deceiving or misrepresenting a material fact to the employee. *Rusnak*, 44 Fed. App'x at 558.

4

Benson alleges a violation of his due process rights because he claims that his resignation was involuntarily procured. Specifically, he alleges that Cooke misrepresented that the Town Council was prepared to fire him in order to obtain his resignation. (D.I. 9 at ¶¶ 30-31.) The court finds that Benson alleges sufficient facts to support the finding of a violation of his constitutional rights. Moreover, the law in this area was sufficiently clear to provide Cooke with notice. Taking the facts alleged as true, a government official could not have made a reasonable mistake about whether there was a constitutional violation. *See Williams v. Bitner*, 455 F.3d 186, 194 (3d Cir. 2006) (holding that a government official was on notice for purposes of qualified immunity where there is law supporting the principles underlying the right at issue); *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 211-12 & n. 4 (3d Cir. 2001) ("if the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law, it is not necessary that there be binding precedent from this circuit so advising."). Thus, Cooke is not shielded from liability for civil damages.

### B. Procedural Due Process

Next, the Defendants argue that Benson has not pled a plausible procedural due process violation because he voluntarily resigned from his job. (D.I. 13 at 9.) Benson responds that based on Cooke's actions and false representations, his waiver of the right to procedural due process was not knowing or voluntary. (D.I. 16 at 5.)

The court must determine whether, considering the facts in the light most favorable to Benson, he was constructively discharged. Voluntariness is what distinguishes constructive discharge from a resignation. In order to be voluntary, a decision must be informed, free from fraud or other misconduct, and made after due consideration. *Baker v. Consol. Rail Corp.*, 835 F. Supp. 846, 852 (W.D. Pa. 1993) *aff'd,* 30 F.3d 1484 (3d Cir. 1994). "A Court may find a

resignation to be involuntary if induced by an employee's reasonable reliance upon an employer's misrepresentation of a material fact concerning the resignation." *Hargray v. City of Hallandale, 57 F.3d 1560, 1568* (11th Cir. 1995); *Leheny,* 183 F.3d at 227-28 (adopting the same standard).

The Defendants argue for dismissal based upon the absence of coercion, which is not at issue here. (D.I. 13 at 10.) Benson claims that he made his decision to resign based upon his employer's misrepresentation of a material fact, not because of duress. (D.I. 16 at 6.) *See Rusnak v. Williams,* 44 F. App'x 555, 558 (3d Cir. 2002) (focusing the voluntariness analysis on the duress exception where the plaintiff did not allege that his retirement was procured by the misrepresentation exception.) Benson avers that he resigned based upon Cooke's misrepresentation that the Town Council was aligned to vote for his termination, and therefore his waiver of the right to procedural due process was not knowing or voluntary. This is sufficient to allege a valid claim that he was constructively discharged rather than voluntarily resigned.

**C. Fraud**

The Defendants argue that Benson has not pled a plausible claim of fraud because fraud cannot be based on predictions about the future. (D.I. 13 at 14.) Benson responds that his claims of fraud are not based upon representations about future events, but representations about the current state of mind of the members of the Town Council. (D.I. 16 at 8.)

The elements of Fraud are: (1) a false representation, usually one of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation;

6

and (5) damage to the plaintiff as a result of such reliance. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983). At issue here is the first element. Defendants cite *Great Lakes Chemical Corp. v. Pharmacia Corp.* for the proposition that predictions about the future cannot serve as a false representation supporting a claim of fraud. 788 A.2d 544 (Del. Ch. 2001). In *Great Lakes,* the plaintiff claimed that financial predictions that were part of due diligence for an asset purchase were misleading and therefore fraudulent. *Id.* at 555. The Chancery Court held that because they were predictions about the future, the claimed misrepresentations could not amount to actionable fraud. *Id.*

In this case, Benson relied on Cooke's misrepresentation about the Town Council's current state of mind. The Defendants argue that whether Benson claims that Cooke represented that the Town Council "would not" support Benson or that the town council "did not" support Benson is a key distinction. (D.I. 17 at 4). The court disagrees. At its core, Benson claims that he relied on Cooke's assessment of the Town Council's position. The Police Department Chief was a friend that Cooke had appointed and Benson alleges facts which suggest that he relied upon Cooke's statement because he believed he had access to information about the investigation. Considering these facts, Cooke's representations were of a different nature from the financial forecasting at issue in *Great Lakes*; Benson could infer that Cooke's representations were not a hypothesis about the future, but information that he was sharing based upon direct knowledge. Benson has alleged facts showing that Cooke's misrepresentation was intentional, and that he relied on it to his detriment. Read in the light most favorable to Benson, these facts support an actionable claim of fraud.

**D. Breach of the Covenant of Good Faith and Fair Dealing**

7

The Defendants argue that Benson has not properly alleged his Breach of the Covenant of Good Faith and Fair Dealing because Cooke did not falsify or manipulate employment records to create fictitious grounds for termination. (D.I. 13 at 15.) Benson responds that the Defendants are defining the record in a manner that is overly narrow. (D.I. 16 at 8.) Benson argues that when Cooke falsely told him that the Town Council did not support him, this amounted to a false employment record. (*Id.*)

The Delaware Supreme Court has strictly limited the application of the implied covenant cause of action in the employment context. One situation where it has acknowledged a valid claim for breach of the implied covenant of good faith and fair dealing is when the employer falsified or manipulated employment records to create fictitious grounds for termination. *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443-44 (Del. 1996). In this case, however, the issue is not whether Cooke fabricated information to create a false record, but whether Cooke targeted Benson based upon a real record that would not have resulted in discipline, but for other factors. In other words, the record was not false, but a pretext for Cooke to punish Benson. Essentially, Benson has not alleged facts suggesting that this employment record was falsified or manipulated, but instead suggesting that Cooke acted in retaliation for Benson's whistleblowing. As a result, Count IV of Benson's complaint cannot stand.

## V. CONCLUSION

For the foregoing reasons, the court will deny the Defendant's motion to dismiss Benson's complaint in part. (D.I. 12, 13.) The court will grant the Defendant's motion with respect to Count IV.

Dated: April 15, 2016

_____
UNITED STATES DISTRICT COURT